**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**MICHAEL MORGAN,**

    **Plaintiff,**

vs.                                          Case No. 4:10cv120-SPM/WCS

**UNITED STATES OF AMERICA,**
et al.,

    **Defendants.**

_____/

## REPORT AND RECOMMENDATION

Plaintiff has filed a civil action under 28 U.S.C. § 1331 and § 1350, asserting a violation of his civil rights. Although Plaintiff seeks to allege a violation of his rights under 42 U.S.C. § 1983, doc. 1, p. 7, Defendants are federal agents and this action is a Bivens action (<u>Bivens v. Six Unknown Fed. Narcotics Agents</u>, 403 U.S. 388, 91 S. Ct. 1999, 29 L. Ed. 2d 619 (1971)).

Plaintiff states that Article 36 of the Vienna Convention requires officials of the United States to inform foreign nationals who have been arrested or detained of their right to contact and seek assistance from their country's Consular Official. Doc. 1, p. 5. Plaintiff alleges that when he was indicted on October 16, 1992, he was never advised

of his rights under Article 36 by any officials from the United States Attorneys Office. *Id.*, at 6. Plaintiff contends the "Jamaican Embassy or Consulate was never informed of Plaintiff's situation, and still" have not been notified. *Id.* Plaintiff claims he only learned of his rights under the Vienna Convention in 2010, but had he known of his rights "he would have contacted the Jamaican Consulate and sought assistance." *Id.* Plaintiff asserts a violation of his rights under the Convention and under the Due Process Clause of the United States Convention. *Id.* Plaintiff seeks nominal damages, as well as compensatory and punitive damages as relief. *Id.*, at 8.

The complaint should be summarily dismissed because it is barred by the four year statute of limitations. Plaintiff was arrested in Fort Lauderdale, Florida on April 20, 1992. Doc. 1621, p. 4, of case number 4:92cr4013-WS/WCS. In March, 1993, a federal jury found Plaintiff guilty on six counts and Plaintiff was sentenced on May 11, 1993. *Id.*, at 6. Congress has never provided a limitations period for *Bivens* actions, such as this one, but it is settled law that a federal "court must borrow the applicable limitations period and tolling rules from the state in which it sits . . . ." Hawthorne v. Wells, 761 F.2d 1514, 1515, n.7 (11th Cir. 1985), *citing to* Board of Regents v. Tomanio, 446 U.S. 478, 100 S.Ct. 1790, 64 L.Ed.2d 440 (1980), other citations omitted; Uboh v. Reno, 141 F.3d 1000, 1002 (11th Cir. 1998) (stating "we have held that the application of the state personal injury statute of limitations period obtains in the context of Bivens actions as well."); *see also* Kelly v. Serna, 87 F.3d 1235, 1238 (11th Cir. 1996) (noting the statute of limitations applicable to 42 U.S.C. § 1983 actions applies to Bivens claims).

In Florida, a plaintiff must commence a claim "within four years of the allegedly unconstitutional or otherwise illegal act." Burton, 178 F.3d at 1188, *citing* Baker v. Gulf & Western Indus., Inc., 850 F.2d 1480, 1483 (11th Cir.1988). Although the limitations period is determined by state law, when a § 1983 action accrues is a question of federal law. Mullinax v. McElhenney, 817 F.2d 711, 716 (11th Cir. 1987) (and cases cited). The statute of limitations begins to run when the facts supporting the cause of action are apparent or would be apparent to a reasonable person, and when the plaintiff knows or has reason to know of his injury. Mullinax, 817 F.2d at 716; *see also* Rozar v. Mullis, 85 F.3d 556, 561-62 (11th Cir. 1996)(stating that, in general, "the statute of limitations does not begin to run until the facts which would support a cause of action are apparent or should be apparent to a person with a reasonably prudent regard for his rights."), *quoted in* Lovett v. Ray, 327 F.3d 1181, 1182 (11th Cir. 2003); Everett v. Conn County Sch. Dist., 138 F.3d 1407, 1410 (11th Cir. 1998); White v. Mercury Marine Div. of Brunswick, Inc., 129 F.3d 1428, 1435 (11th Cir. 1997). The relevant inquiry is when the Plaintiff knew or became aware of the *facts* of his case.

Here, Plaintiff's only argument is that he was unaware of his legal rights. Equitable tolling will not apply to save an untimely habeas petition based on ignorance of the law. *See* Fisher v. Johnson, 174 F.3d 710, 714 (5th Cir. 1999) (stating that "ignorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing."); Rose v. Dole, 945 F.2d 1331, 1335 (6th Cir. 1991) (finding equitable tolling inappropriate in case alleging unlawful employment termination in violation of the Energy Reorganization Act and noting it "[i]is well-settled that ignorance of the law alone is not sufficient to warrant equitable tolling."); Ormiston v. Nelson, 117

F.3d 69, 72 (2d Cir. 1997) (finding "[m]ere ignorance of the law is, of course, insufficient to delay the accrual of the statute of limitations" in a § 1983 case); *see also* Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000). The same rule has applied to other causes of action. "[I]gnorance of . . . legal rights, or failure to seek legal advice, (does) not toll the statute of limitations." Howard v. Sun Oil Co., 404 F.2d 596, 601 (5th Cir. 1968), *quoted in* Quina v. Owens-Corning Fiberglas Corp., 575 F.2d 1115, 1118 (5th Cir. 1978) (employee's lack of knowledge of his rights under the Age Discrimination in Employment Act did not toll time period and action was time barred); *see also* Kazanzas v. Walt Disney World Co., 704 F.2d 1527, 1530 (11th Cir. 1983).

In U. S. v. Kubrick, 444 U.S. 111, 122, 100 S.Ct. 352, 359 (1979), the Court was "unconvinced that for statute of limitations purposes a plaintiff's ignorance of his legal rights and his ignorance of the fact of his injury or its cause should receive identical treatment." The Court concluded:

> A plaintiff such as Kubrick, armed with the facts about the harm done to him, can protect himself by seeking advice in the medical and legal community. To excuse him from promptly doing so by postponing the accrual of his claim would undermine the purpose of the limitations statute, which is to require the reasonably diligent presentation of tort claims against the Government.

Kubrick 444 U.S. at 123, 100 S.Ct. at 360.

It has been many years since Plaintiff's arrest, and it was his arrest that gave rise to the claim. The fact that Plaintiff did not learn about his rights under the Vienna Convention until 2009 does not save his claim.

Even if the claim were not time-barred, the complaint fails to state a claim upon which relief may be granted. "The Vienna Convention does not expressly provide for

private damage actions."  Gandara v. Bennett, 528 F.3d 823, 828 (11th Cir. 2008) (concluding "that the Treaty does not contemplate private damage actions").  "Instead, 'the plain words of the Treaty provide that the notification right 'shall be exercised,' not that failure to notify should be compensated.' "  Gandara, 528 F.3d at 828, *quoting* Cornejo v. County of San Diego, 504 F.3d 853, 861, n.14 (9th Cir. 2007).

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's complaint, doc. 1, be **DISMISSED** for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2), and because the claims are barred by the statute of limitations.  It is further **RECOMMENDED** that all pending motions be denied, and that the order adopting this report and recommendation direct the Clerk of Court to note on the docket that this cause was dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**IN CHAMBERS** at Tallahassee, Florida, on June 1, 2010.

    s/    William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**